IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW JERSEY SAND HILL BAND OF LENAPE AND CHEROKEE INDIANS, and RONALD-STACEY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. C 09-03553 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND VACATING CASE MANAGEMENT CONFERENCE** |

**INTRODUCTION**

Claiming to be a Cherokee Indian, *pro se* plaintiff Ronald-Stacey seeks an order transferring his divorce proceeding to tribal court from state court. Although Ronald-Stacey filed this action on behalf of himself and his tribe, Civil Local Rule 3-9(b) prevents a *pro se* party from appearing on behalf of an entity. This order uses "plaintiff" in the singular, in reference to Ronald-Stacey alone.

Three separate motions to dismiss have been filed in this action: one by the attorney general of California on behalf of both the State of California and the Superior Court of California for the County of Contra Costa; one by David Timko on behalf of himself and Lynda Ann Holloway, a.k.a Lynda Ann Andrews; and one by county counsel for Contra Costa on behalf of the county. Because this Court does not have subject-matter jurisdiction over plaintiff's claims, defendants' motions are **GRANTED**.

**STATEMENT**

On May 21, 2008, defendant Lynda Ann Holloway filed for divorce from her husband, plaintiff Ronald-Stacey, in the Superior Court of California for the County of Contra Costa. Plaintiff did not challenge the jurisdiction of the state court in the initial stages of the divorce proceedings, and during the subsequent five months, he was awarded custody of the couple's child, child support payments, and temporary spousal support. On June 16, 2009, plaintiff sought a change of venue "due to subject matter jurisdiction issues with California Courts v. Tribal Courts" (Cal. Atty. Gen. Exh. 7 at 2). Holloway opposed, and the motion was subsequently denied by Superior Court Judge Cram (Cal. Atty. Gen. Exh. 9). Plaintiff filed the instant action on August 11, 2009.

**ANALYSIS**

Among other arguments raised in defendants' three motions, the attorney general's motion seeks dismissal for lack of subject-matter jurisdiction pursuant to FRCP 12(b)(1). Defendants contend that plaintiff's primary requested relief — an order transferring plaintiff's divorce proceeding to tribal court from state court — is essentially a request for this Court to reconsider the decision of the Superior Court of Contra Costa denying a change of venue (Br. 9). This order agrees.

The *Rooker-Feldman* doctrine requires the Court to dismiss plaintiff's complaint for lack of subject-matter jurisdiction because it is a *de facto* appeal from a state court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The basic premise of *Rooker-Feldman* is that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004) (citing *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)). This doctrine "recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts." *Ibid.*

Plaintiff's claims for compensatory and punitive damages against the individual defendants and a declaratory judgment regarding their tribal sovereignty must also be dismissed

2

because they are "inextricably intertwined" with the state court's decision, "in judicial proceedings, to deny [plaintiff's] petitions." *Feldman*, 460 U.S. at 486–87.

Plaintiff has responded separately to each of the three motions to dismiss. As to Contra Costa County's motion, plaintiff agrees that the county should be dismissed as they "are not a rightful party" to this action. He requests that the Court grant the county's motion (Dkt. 33 at 2).

Plaintiff's other two oppositions are lengthy, duplicative, and largely incomprehensible. Neither document provides any argument as to why the *Rooker-Feldman* doctrine should not apply here. Plaintiff instead discusses his tribe's sovereignty rights, the Trade and Intercourse Act (mentioned neither in the complaint nor in any of defendants' motions), and various other issues, almost all of which appear unrelated to the issue this order must decide. Plaintiff also distinguishes multiple decisions that he says defendants have relied upon, but that were not cited in any of defendants' submissions. Consequently, sections of plaintiff's oppositions appear to have been simply cut and pasted from briefs filed in a different action.

Plaintiff argues that because he is *pro se*, he should not be held to the same standard as a licensed attorney and should be permitted to amend his complaint. By allowing plaintiff a significant extension of time to file his oppositions, the Court has already demonstrated its willingness to be flexible on account of plaintiff's *pro se* status (Dkt. No. 31). But neither more time nor an opportunity to amend would allow plaintiff to overcome the jurisdictional hurdle he faces here. As this Court previously noted in denying plaintiff's motion to stay, "[i]f it is true that the state court is lacking jurisdiction, then a plea of abatement may be made in state court and appropriately adjudicated by the state judge" (Dkt. No. 15).

3

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss are **GRANTED** without leave to amend. The case management conference currently scheduled for October 29, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 26, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE